```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/9/08
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
ANTHONY HARRIS,

                                   Plaintiff,      **SCHEDULING ORDER**

             -against-

                                               07 CV 6939 (SAS)

THE CITY OF NEW YORK
NARCOTIC TASK FORCE
OFFICER JOHN DOE (1) BNTF
OFFICER JOHN DOE (2) BNTF                  Conference Date: July 9, 2008
SUPERVISOR JOHN DOE (3)
40TH PCT DESK SUPERVISOR
JOHN DOE (4),

                                  Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

        WHEREAS, the Court issued an Order for a Conference in accordance with Fed. R. Civ. P. 16(b) on June 20, 2008, (the "Order"); and

        WHEREAS, the Order requires that the parties jointly prepare and sign a proposed scheduling order containing certain information;

        NOW, THEREFORE, the parties hereby submit the following information as required by the Order:

(1)     the date of the conference and the appearances for the parties;

- July 9, 2008 at 4:30 p.m.
- Plaintiff Anthony Harris, Plaintiff *Pro Se*, #241-07-17993, George R. Vierno Center (GRVC), 09-09 Hazen Street, East Elmhurst, New York 11370 (by representative, if any).
- Defendant City of New York, by Morgan D. Kunz, Esq., Assistant Corporation Counsel, Office of the Corporation Counsel, 100 Church Street, New York, New York 10007, (212) 788-0422.

(2)     a concise statement of the issues as they then appear;

Plaintiff alleges that on January 26, 2007, he was subjected to a warrantless arrest and unlawfully searched by New York City police officers. Plaintiff claims that the officers discarded thousands of dollars of his his property, that his handcuffs were excessively tight, and that he was denied medical treatment. Plaintiff further alleges that on April 13, 2007, while being processed for an arrest, he was unlawfully strip searched and subjected to excessive force. Plaintiff claims that he was again denied medical care. Defendants assert that there was probable cause for plaintiff's arrest, that any force used was

reasonable and justified, that plaintiff was not subjected to any unconstitutional searches, or denied proper medical care, and that any property he had was not discarded.

(3)  a schedule including:

(a) the names of person to be deposed and a schedule of planned depositions;

Plaintiff: _____

Defendant: Defendant's intend to depose plaintiff Anthony Harris. Defendants have not yet scheduled this deposition, but anticipate doing so at least 30 days before the close of discovery. Defendants may depose parties who witnessed any of the incidents, should any such people be identified.

(b) a schedule for the production of documents;

The parties will each serve demands for production of documents by **July 18, 2008**. The parties will respond in keeping with the Federal Rules.   *Lewis Aug 5*

(c) dates by which (i) each expert's reports will be supplied to the adverse side and (ii) each expert's deposition will be completed;

The parties do not anticipate conducting expert discovery at this time, however, they reserve the right to make an application for such discovery should the need to conduct expert discovery arise based on upon the facts elicited during fact discovery.

(d) time when discovery is to be completed: **October 31, 2008**

(e) a date by which plaintiff will supply his pre-trial order matters to defendant: **December 1, 2008**

(f) the date by which the parties will submit a pre-trial order in a form conforming with the Court's instructions together with trial briefs and either (1) proposed findings of fact and conclusions of law for a non-jury trial, or (2) proposed voir dire questions and proposed jury instruction, for a jury trial: **January 5, 2009**

(g) a space for the date for a final pre-trial conference pursuant to Fed. R. Civ. P. 16(d), to be filled in by the Court at the conference: *Nov. 24 at 4:30*

(4)  a statement of any limitation to be placed on discovery, including any protective or confidentiality orders: **None known at this time**

(5)  a statement of those discovery issues, if any, on which counsel, after a good faith effort, were unable to reach an agreement: **None known at this time**

(6)  anticipated fields of expert testimony, if any:

2

None anticipated at this time. Defendants, however, reserve the right to conduct expert discovery should plaintiff allege any permanent or ongoing physical or mental injury.

(7)    anticipated length of trial and whether to Court or jury: **3 to 4 days by jury**

(8)    This Scheduling Order may be altered or amended only on a showing of good cause not foreseeable at the time of the conference of when justice so requires;

(9)    Names, addresses, phone numbers and signatures of counsel;

| | |
|---|---|
| Anthony Harris<br>#241-07-17993<br>George R. Vierno Center (GRVC)<br>09-09 Hazen Street<br>East Elmhurst, New York 11370 | MICHAEL A. CARDOZO<br>Corporation Counsel of the<br>  City of New York<br>Attorney for Defendant Fraser<br>100 Church Street, Room 3-195<br>New York, New York 10007<br>(212) 788-0422 |
| By: _____<br>    Anthony Harris<br>    Plaintiff *Pro Se* | By: *(signature)*<br>    Morgan D. Kunz<br>    Assistant Corporation Counsel |

(10)

SO ORDERED:

*(signature)*

HON. SHIRA A. SCHEINDLIN, U.S.D.J.

7/9/08