UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------X
                                          :
ANTHONY HARRIS ,                          :
                                          :        **ORDER**
                    **Plaintiff,**        :
                                          :        **07 Civ. 6939 (SAS)**
          - against -                     :
                                          :
CITY OF NEW YORK, et al.,                 :
                                          :
                    **Defendants.**       :
-------------------------------------------------------X

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/3/09

Plaintiff Anthony Harris, a/k/a Tony Harris, a/k/a Anthony Johnson,

a/k/a John Doe, has filed countless actions in this district, most of which have

been dismissed for failure to state a claim or because they were frivolous or

malicious.   On October 3, 2008, this Court issued an Order to Show Cause

directing Harris to show cause why he should not be enjoined from re-filing the

instant action or filing any future actions in this district without prior approval

from a Magistrate Judge.   That Order also revoked plaintiff's *in forma pauperis*

status and dismissed the instant action without prejudice, thereby permitting

plaintiff to re-file the action upon payment of the filing fee.

On October 16, 2008, this Court received plaintiff's Opposition to the

Order to Show Cause and a motion entitled "Leave to File as Non-Prisoner [In]

Forma Pauperis."   As he is no longer incarcerated, plaintiff sought a change in

status so that the instant action would not be subject to the Prison Litigation

Reform Act ("PLRA").[1]  Plaintiff also requested *in forma pauperis* status on the

ground that he is "a poor person without income, bank accounts or assets."  In an

Order dated October 24, 2008, this Court decided not to enjoin plaintiff from filing

any future actions without the prior approval of a Magistrate Judge.  This Court

further held that the instant action, which plaintiff filed while he was a prisoner,

remains subject to the PLRA.[2]  Finally, plaintiff's request for *in forma pauperis*

status was denied.

　　　　Plaintiff has since filed a "Motion to Set Aside and Relief From

Judgement," citing Rules 60(b)(1), (2) & (4) and 55(a) & (c) of the Federal Rules

---

[1]　　In particular, plaintiff seeks to avoid the so-called "three strikes" rule
set forth in 28 U.S.C. § 1915(g).

> In no event shall a prisoner bring a civil action or appeal a
> judgment in a civil action or proceeding under this section
> if the prisoner has, on 3 or more prior occasions, while
> incarcerated or detained in any facility, brought an action
> or appeal in a court of the United States that was dismissed
> on the grounds that it is frivolous, malicious, or fails to
> state a claim upon which relief may be granted, unless the
> prisoner is under imminent danger of serious physical
> injury.

[2]　　*See In re Smith*, 114 F.3d 1247, 1251 (D.C. Cir. 1997) ("If a litigant is
a prisoner on the day he files a civil action, the PLRA applies.").

of Civil Procedure, hereinafter referred to as the "Motion."[3] In his Motion,

plaintiff argues that by failing to afford him the chance to pay the filing fee, as

either a prisoner or as a non-prisoner, this Court has deprived him of court access

in violation of his constitutional right to due process.[4] Plaintiff further argues

"[t]hat only a poor prisoner or person is deprived by class. A person able to pay

[the] filing fee would not then be subjected to this *unconstitutional* bill of

attachment."[5]

Plaintiff's arguments are both contradictory and misguided. With

regard to his first argument, this Court is in no way preventing plaintiff from

paying the filing fee and reinstating his action. Thus, there is no violation of due

process as plaintiff is free to pay the filing fee and reinstate his action at any time

within the statute of limitations.

Plaintiff's second argument, as interpreted by this Court, seems to

suggest that the withholding or revocation of *in forma pauperis* status is itself

unconstitutional because the result is that poor people are not given free access to

---

[3]     Rule 55, which governs default judgments, does not apply here and
cannot provide the remedy that plaintiff seeks.

[4]     *See* Motion at 5.

[5]     *Id.* (emphasis in original).

3

the courts. This argument is not very persuasive given that *in forma pauperis*

status is a privilege, not a right.[6] Here, plaintiff has abused that privilege by

invoking *in forma pauperis* status in the past to bring numerous actions which

were dismissed as being frivolous and without merit. Surely it is not

unconstitutional to prevent a prisoner from continuing to waste scarce judicial

resources at little expense.[7] As explained by the Ninth Circuit, section 1915(g)

does not infringe upon a prisoner's fundamental rights under a rational basis test:

> The three-strike rule was enacted to curtail the
> extraordinary costs of frivolous prisoners suits and
> minimize such costs to the taxpayers. We have previously
> recognized that prisoners file a disproportionate number of
> frivolous suits. We also recognized that prisoners file
> these suits because of "potential gains and low opportunity

---

[6]     *See Polanco v. Hopkins*, No. 03-CV-6661-CJS(F), 2007 WL 914023,
at *6 (W.D.N.Y. Mar. 23, 2007) ("In *Carson v. Johnson*, 112 F.3d 818, 821 (5th
Cir. 1997), the Fifth Circuit held that the three-strike rule does not violate the Fifth
Amendment due process clause because it does not prohibit prisoners from filing a
lawsuit, it only denies them IFP status. Likewise, in *Rivera v. Allin*, 144 F.3d 719,
723-24 (11th Cir. 1998), the Eleventh Circuit held that IFP status is a privilege,
not a right, and that § 1915(g) does not unconstitutionally burden a prisoner's
access to the courts."). *See also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th
Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and
not right.").

[7]     "Congress is no more compelled to guarantee free access to federal
courts than it is to provide unlimited access to them. The Supreme Court has
never recognized an 'unlimited rule that an indigent at all times and in all cases
has the right to relief without the payment of fees.'" *Roller v. Gunn*, 107 F.3d 227,
231 (4th Cir. 1997) (quoting *United States v. Kras*, 409 U.S. 434, 450 (1973)).

4

costs." Congress has addressed the rising costs of defending against frivolous prisoner suits by limiting the number of suits they can bring for free. Requiring prisoners to pay filing fees for suits will force them to go through the same thought process non-inmates go through before filing a suit, i.e., is filing this suit worth the costs? Budgetary concerns are a legitimate governmental interest and curbing the costs of defending against frivolous litigation is rationally related to maintaining the budget. Therefore, § 1915(g) satisfies the rational basis test.[8]

In sum, there is no constitutional right to expend the limited resources

of the judicial system by allowing a prisoner to bring one frivolous case after

another without paying the full filing fee. Accordingly, plaintiff's request that this

Court vacate its decision to revoke his *in forma pauperis* status in the instant

action is denied. The Clerk of the Court is directed to close plaintiff's Motion

(Document # 24).

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:     New York, New York
           April 3, 2009

---

[8]     *Rodriguez v. Cook*, 169 F.3d 1176, 1181 (9th Cir. 1999) (citations omitted).

5

## - Appearances -

**Plaintiff (Pro Se):**

Anthony Harris
General Delivery
Bronx, New York 10045

**For Defendants:**

Morgan D. Kunz
Assistant Corporation Counsel
Special Federal Litigation Division
100 Church Street
New York, New York 10007
(212) 788-0422

6